The Chif.e Justice
delivered the opinion of the court.
John F. Nichols and James Nichols purchased of John Boyd and Patton Anderson one hundred acres of land, and for the conveyance thereof, took a bond to them, both jointly. Some years thereafter,-Janies Nichols died, and John F. Nichols procured a conveyance to be made to himself by Boyd, who held the legal title. To recover a moiety of the pne hundred acres, the heirs of James filed their bill in *167 chancery, alledging the joint parchase, as above stated, and that James had paid one half of the purchase money. John F. Nichols admits in his answer the joint purchase, and the payment of one half of the consideration by James, as the complainants alledge; but he sets up, by way of de-fence, a verbal contract, whereby he was to give to James, for bis moiety of the one hundred acres, $150 and a tract of 24 acres in another place, and alledges that he had paid the sum of , and put James in the possession of the tract of 24 acres on which he continued to reside till his death, and the complainants ever since.
Pope for appellants, Ilaggin and Wicklijfe for appel-lees.
There are cases w ere a verbal coa-tracííbrlanrí, (tho* it cannot be coerced in equity or its btv.acli punished at law,) yet will induce a chancellor to withhold, his aid, from a party claiming' against that verbal contract, but in all such cases, thejparty claiming* the contract, should shew it with great certainty, & shew he had performed or endeavored to perform his part of it.
The court below, upon a final hearing, dismissed the bill, and the complainants have appealed to this court.
There can be no doubt that, in some cases, a verbal contract for land, though it cannot be enforced either by an action at law or a suit in chancery, may,, nevertheless, constitute a legitimate ground of defence to the right which a party to such contract would otherwise have had to the aid of a court of equity; but to authorise a court of equity to refuse its aid on the ground of such a contract, its terms should be clearly and satisfactorily established, and the defendant should have either performed the contract or offered to perform it. In this case, it is evident the terms of the Contract set up in defence by John F. Nichols, are not so Established. It is apparent, indeed, from the testimony in the cause, that there was some agreement to exchange their lands between James and John F. Nichols, and that the latter was to give to the former an additional consideration; but how much was to be the additional consideration, in what way or when it was to be paid, is not ascertained by any proof in the cause. A contract thus uncertain and indefinite in its terms, can, certainly, oppose no bar to the complainant’s right, to a moiety of the 100 acre tract.
The decree of the circuit court must, therefore, be reversed with cost, and the cause be remanded, that the circuit court may cause a partition to be made of the 100 acre tract claimed by the complainants in their bill, and a conveyance of one equal moiety thereof (o the heirs of James Nichols, and make such other and further orders and decrees as may be agreeable to equity and not inconsistent with the foregoing opinion.